IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE,**<br><br>                        **Plaintiff,**<br>      v.<br><br>**UNITED STATES,**<br><br>                        **Defendant.** | Before: Hon. _____,<br>            Judge<br><br>Court No. 25-00167 |

## COMPLAINT

Plaintiff, American Alliance for Solar Manufacturing Trade Committee ("Plaintiff"), by and through their attorneys, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this complaint to contest certain portions of the U.S. Department of Commerce's ("Commerce") final determination in the countervailing duty investigation of *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Thailand*. *See* Issues and Decision Memorandum accompanying *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Thailand*, 90 Fed. Reg. 17,380 (Dep't Commerce Apr. 25, 2025) (final affirm. countervailing duty deter. and final affirm. deter. of critical circumstances) ("IDM"); *see also Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Malaysia and Thailand: Amended Final Countervailing Duty Deters.; Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Countervailing Duty Orders*, 90 Fed. Reg. 26,791 (Dep't Commerce June 24, 2025) ("CVD Order").

## JURISDICTION

2. This Court has jurisdiction over this action to review Commerce's final determination pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(II) and (B)(i) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and (B)(i).

## STANDING

3. Plaintiff is an association, a majority of whose members are composed of manufacturers in the United States of a domestic like product, and was the petitioner in the proceeding underlying this complaint. Plaintiff is thus an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(F). Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiff commenced this action by filing a Summons on July 24, 2025, within 30 days after publication in the Federal Register of the CVD Order. *See* Summons (Ct. Int'l Trade July 24, 2025), ECF No. 1; CVD Order. Plaintiff is filing this Complaint within 30 days after filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. Commerce initiated the investigation of *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Thailand* on May 14, 2025, following receipt of a petition filed with Commerce and the United States International Trade Commission by Plaintiff on April 24, 2024. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam*, 89 Fed.

**Court No. 25-00167**

Reg. 43,816 (Dep't of Commerce May 20, 2024) (initiation of countervailing duty investigations).

6. Commerce issued quantity and value ("Q&V") questionnaires to Thai producers of crystalline silicon photovoltaic ("CSPV") cells and modules. *See* Memorandum from Henry Wolfe, through Irene Darzenta Tzafolias, to James Maeder, re: *Countervailing Duty Investigation of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Thailand: Respondent Selection* (June 17, 2024) at 2 ("Respondent Selection Memo"). Commerce explained that it intended to select mandatory respondents for the investigation based on responses to the Q&V questionnaires rather than follow its standard practice of using import data from the U.S. Customs and Border Protection ("CBP") to select mandatory respondents. *Id*.

7. On June 11, 2024, Plaintiff submitted timely comments on the Q&V questionnaire responses. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from Thailand: Comments on Q&V Questionnaire Responses and Respondent Selection* (June 11, 2024). Plaintiff noted that, due to the complexity of the Q&V questionnaires, it was unclear whether the responses were accurate and urged Commerce to issue a supplemental questionnaire requiring that respondents explain their methodology for reporting the quantity and value of their imports during the period of investigation. *See id*. at 2-4. Plaintiff also requested that Commerce, at a minimum, select two companies as mandatory respondents. *Id*. at 4-5.

8. Despite multiple companies reporting that they had imports of subject merchandise during the period of investigation, Commerce selected only one mandatory respondent, Trina Solar Science & Technology (Thailand) Ltd. ("TTL"). *See* Respondent Selection Memo at 4-6, Attachment.

9. On June 21, 2023, Plaintiff commented on Commerce's respondent selection, requesting that Commerce select one additional respondent, consistent with the U.S. Court of Appeals for the Federal Circuit's controlling precedent that Commerce must generally select more than one mandatory respondent for individual review. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from Thailand: Comments on Respondent Selection* (June 21, 2024) at 1-3.

10. On September 13, 2024, Plaintiff again requested that Commerce select an additional mandatory respondent in its pre-preliminary determination comments. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from Thailand: Pre-Preliminary Comments* (Sept. 13, 2024) at 7-8.

11. Commerce did not select an additional mandatory respondent. *See, e.g*, Preliminary Decision Memorandum accompanying *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Thailand*, 89 Fed. Reg. 80,874 (Dep't Commerce Oct. 4, 2024) (prelim. affirm. countervailing duty deter., prelim. affirm. critical circumstances deter., in part, and alignment of final deter. with final antidumping duty deter.) at 2.

12. On March 12, 2025, Plaintiff filed its case brief before the agency. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from Thailand: Case Brief* (Mar. 12, 2025). In its case brief, Plaintiff argued that Commerce should have selected two mandatory respondents in this investigation. *See id*. at 31-32.

13. In its final determination, Commerce again determined not to select an additional mandatory respondent. IDM at 80-81. Commerce claimed that because of the proportion of

**Court No. 25-00167**

imports accounted for by TTL, it was not required to select at least two mandatory respondents. *See id*.

## CLAIMS AND BASES FOR RELIEF

### Count I

14. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 13.

15. Commerce's determination not to select a second mandatory respondent is not supported by substantial evidence and is otherwise not in accordance with law.

### Count II

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15.

17. Because Commerce failed to select and investigate at least two mandatory respondents, Commerce's final determination is not supported by substantial evidence and is otherwise not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that Commerce's determination not to select a second mandatory respondent in the investigation of *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Thailand* is unsupported by substantial evidence and otherwise not in accordance with law; and

2) Remand the final determination to Commerce with instructions to select and investigate a second mandatory respondent.

**Court No. 25-00167**

        Respectfully submitted,

        */s/ Timothy C. Brightbill*
        Timothy C. Brightbill, Esq.
        Laura El-Sabaawi, Esq.
        Stephanie M. Bell, Esq.
        Kimberly A. Reynolds, Esq.
        Stephen A. Morrison, Esq.

        **WILEY REIN LLP**
        2050 M Street NW
        Washington, DC 20036
        (202) 719-7000

        *Counsel to American Alliance for Solar Manufacturing Trade Committee*

Dated: August 22, 2025

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

*American Alliance for Solar Manufacturing Trade Committee v. United States*
**Court No. 25-00167**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on August 22, 2025.

/s/ Stephen A. Morrison
Stephen A. Morrison, Esq.

Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006

Jonathan M. Freed, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003

Robert L. LaFrankie, Esq.
**Crowell & Moring LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Friederike Goergens, Esq.
**Greenberg Traurig, LLP**
2101 L Street, NW
Washington, DC 20037

Jonathan Thomas Stoel, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

Chunlian Yang, Esq.
**Alston & Bird LLP**
950 F Street, NW
Washington, DC 20004

Nancy A. Noonan, Esq.
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006

Dharmendra N. Choudhary, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Avenue, NW
Suite 650
Washington, DC 20005

Richard P. Ferrin, Esq.
**Faegre Drinker Biddle & Reath LLP**
1500 K Street, NW
Washington, DC 20005

Adams Lee, Esq.
**Harris Sliwoski, LLP**
600 Stewart Street
Suite 1200
Seattle, WA 98101

Chetwut Trirattanwong, Esq.
**Embassy of Thailand**
1024 Wisconsin Avenue, NW
Suite 202
Washington, DC 20007

James Holbein, Esq.
**Braumiller Law Group**
5220 Spring Valley Road
Suite 200
Dallas, Texas 75254

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Avenue, NW
Washington, DC 20230

Attorney in Charge
International Trade Field Office
**Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Mengya Zheng
**Zhonglun Law Firm**
20 Jin He East Avenue
Chaoyang District
Beijing 100020, China

Yangfan Xie
**Economic and Commercial Office**
2133 Wisconsin Avenue, NW
Washington, DC 20007

Supervising Attorney
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044